IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES JONES,** : | |
|     **Plaintiff,** : | |
| : | |
| **v.** : | **CIVIL ACTION NO. 24-CV-5692** |
| : | |
| **DR HARRY,** *et al.*, : | |
|     **Defendants.** : | |

**ORDER**

AND NOW, this 2nd day of December, 2024, upon consideration of Plaintiff James Jones's Motion to Proceed *In Forma Pauperis* (ECF No. 8), his Prisoner Trust Fund Account Statements (ECF No. 2, 4, 7), and his *pro se* Complaint (ECF No. 1), it is **ORDERED** that:

    1.    Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

    2.    James Jones, #AM-8359, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Phoenix or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Jones's inmate account; or (b) the average monthly balance in Jones's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent of SCI Phoenix or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Jones's inmate trust fund account exceeds $10.00, the Superintendent of SCI Phoenix or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Jones's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Phoenix.

4. The Complaint is **DEEMED** filed.

5. The Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for the reasons stated in the Court's Memorandum as follows:

   a. All official capacity claims for money damages, all claims based on the handling of grievances, all Fourth Amendment claims involving a cell search, all claims for violation of the Sixth Amendment, all Eighth Amendment claims, and any First Amendment claim based on the destruction of legal materials related to Jones's attempt to use them before the Philadelphia District Attorney's Conviction Review Unit are **DISMISSED WITH PREJUDICE**.

   b. All other federal law claims are **DISMISSED WITHOUT PREJUDICE**.

   c. All state law claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

6. The Clerk of Court is **DIRECTED** to terminate Keri Moore as a Defendant.

7. Jones may file an amended complaint within thirty (30) days of the date of this Order. Jones may not reassert any claim that has already been dismissed with prejudice. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Jones's claims against each defendant. Jones may refer to a defendant by last name only if that is the only identifying information possessed. If Jones wishes to name individuals for whom he does not have any identifying information, he may refer to those individuals as John Doe #1,

John Doe #2, etc.[1] The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Jones should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8. The Clerk of Court is **DIRECTED** to send Jones a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Jones may use this form to file his amended complaint if he chooses to do so.

9. If Jones does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

---

[1] Without the name of at least one individual or entity, however, the Court may be unable to direct service of any amended complaint that Jones may file.

10. If Jones fails to file any response to this Order, the Court will conclude that Jones intends to stand on his Complaint and will issue a final order dismissing this case.[2] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

_____
**HON. MIA R. PEREZ**

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).